Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| BAKIR AVDAGIC AND<br>MIRHA AVDAGIC,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCY MANAGEMENT<br>COMPANY, LLC,<br>**Hold Service**<br><br>AND<br><br>NOAH PROPERTY, LLC,<br>**Hold Service**<br><br>AND<br><br>MARK STEVENS,<br>**Hold Service**<br><br>Defendants. | ) | Cause No:<br><br>JURY TRIAL DEMANDED |

**PETITION**

**FACTS COMMON TO ALL COUNTS**

1. Plaintiff Bakir Avdagic (hereinafter "Plaintiff Bakir") is a Bosnian-born American citizen, born November 15, 1956.

2. Plaintiff Bakir is a former employee of Defendant Regency Management Company, LLC (hereinafter "Defendant Regency") and Defendant Noah Property, LLC (hereinafter "Defendant Noah"), having been employed by said Defendants beginning on or about November 29, 2012 until March 26, 2015.

3. Plaintiff Mirha Avdagic (hereinafter "Plaintiff Mirha") is a Bosnian-born American citizen, and is the wife of Plaintiff Bakir.



Exhibit A

Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

4. Defendant Noah is a limited liability company, organized in the State of Missouri, and at all relevant times doing business in the state of Missouri, St. Louis County, and is owned, in part, by Mohammad Ali, Shiraz Ali, and Mittu Galani, and had 6 or more employees at all times relevant herein.

5. Defendant Regency is a limited liability company created by and/or closely related to Defendant Noah, organized in, and domestic to, the State of Missouri, doing business in the State of Missouri, St. Louis County, and had 6 or more employees at all times relevant herein.

6. At all times relevant herein, Defendants Regency and Noah operated the Holiday Inn Airport West, located at 3400 Rider Trail South, St. Louis, MO 63045.

7. Defendant Mark Stevens (hereinafter "Stevens") is, and at all times relevant herein was, a resident of the State of Missouri.

8. At all times relevant herein, Defendant Stevens was employed by Defendant Noah Property and/or Defendant Regency as the General Manager of the Holiday Inn Airport West, and Defendant Stevens was the direct supervisor of Plaintiff at that location from the date Plaintiff was hired in November 2012 until Plaintiff was discharged on March 26, 2015.

9. Defendants at all times relevant herein, acted in the interest of Defendants Noah and Regency with regard to Plaintiff.

10. Venue is proper in St. Louis County, Missouri in that Defendants are located in St. Louis County, Missouri, and the acts complained of herein took place in St. Louis County, Missouri.

11. Plaintiff Bakir was hired by Defendant Regency on or about November 29, 2012, as Food and Beverage Director at the Holiday Inn Airport West.




Exhibit A

Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

12. Defendant Regency and Plaintiff Bakir entered into a written employment agreement on or about November 29, 2012.

13. Plaintiff Bakir's employment agreement with Defendant Regency included written and/or oral agreements (with Defendant Stevens) to perform yearly performance reviews of Plaintiff Bakir, vacation and sick days, and to provide Plaintiff Bakir with benefits and salary increases.

14. During the course of Plaintiff Bakir's employment with Defendants Regency and Noah, he observed misconduct that was detrimental to the business, contrary to public policy, and fraudulent or illegal. Plaintiff Bakir verbally reported this misconduct to Defendant Stevens on a number of occasions. Plaintiff Bakir emailed Defendant Stevens reports of misconduct several times. Plaintiff Bakir further reported the misconduct to Naim Ali, Vice President of Defendant Regency and owner of Defendant Noah.

15. The bulk of Plaintiff's reports of the aforementioned misconduct occurred in 2014.

16. Plaintiff Bakir's reports resulted in hostile and retaliatory behavior towards Plaintiff Bakir, which culminated in his termination. The aforementioned misconduct that Plaintiff Bakir reported, includes, but is not limited to:

a. Defendant Stevens and his girlfriend, Melissa Rodriguez, were observed on the hotel surveillance cameras consuming food and drink in the hotel restaurant without paying, and at times Defendant Stevens would falsify a reason for not having to pay. Stealing is prohibited by Missouri law RSMo. 570.030.

b. Defendant Stevens approached Plaintiff Bakir and asked him if he could find a way to steal money from the hotel in manner so that he would not be detected,





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

and suggested that the two of them could share in the proceeds if Plaintiff Bakir was successful in his attempts to steal. Stealing and embezzlement is prohibited by, *inter alia*, Missouri law RSMo. 570.030.

c. Throughout the course of his employment, Plaintiff Bakir noticed that many coupons for discounts and complimentary food and drink at the hotel's restaurant, a program implemented by Defendant Stevens, were printed without authorization. Plaintiff Bakir believed based on the receipts and statements that employees were using these coupons to steal from Defendants. Plaintiff Bakir consulted with the representatives of Focus – the company who worked on the point of sale system in the restaurant. Focus representatives informed Plaintiff Bakir that immediate action should be taken as they believed that someone was stealing money from the hotel. Plaintiff Bakir worked with FOCUS to develop a traceable gift card program, with which Plaintiff intended replace the untraceable coupon program. Plaintiff ordered a shipment of Bakir these gift cards to implement this program, but Defendant Stevens quashed the program and Plaintiff's efforts. Stealing money from a business is prohibited by, *inter alia*, Missouri law RSMo. 570.030. On or about November 1, 2014, Plaintiff Bakir emailed Defendant Mark Stevens and Defendants' Employee Kim Young regarding these stealing issues.

d. Plaintiff Bakir was requested by Defendant Stevens to hire an illegal alien to work in the kitchen. Plaintiff Bakir refused and threatened to report the activity to the authorities. Plaintiff Bakir then observed that other illegal aliens and/or underaged workers were working in the Defendants' kitchen. When Plaintiff



Exhibit A

Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

Bakir confronted Defendant Stevens about allowing this, Defendant Stevens told Plaintiff Bakir that Defendant Stevens would allow the hiring of illegal aliens or underage workers if they had false documentation that made them appear legitimate. This is in violation of, *inter alia*¸ 8 U.S.C. § 1324.

e. On several occasions, including, but not limited to, on or around November 3, 2014, Plaintiff Bakir reported to Defendant Stevens that all servers were not being paid minimum wage as required by state and federal law. Plaintiff Bakir insisted this needed to be corrected, but Defendant Stevens ignored his reports.

17. Plaintiff Bakir prepared four or more large binders containing documentation of the ongoing stealing and other hotel problems that had been resulting in illegal activity, company loss, and further disturbances. The binders included emails sent to Defendant Stevens, regarding the unlawful misconduct. These issues had all previously been ignored by Defendant Stevens.

18. On or around November 14, 2014, Plaintiff Bakir presented these binders to Naim Ali, and to Mohammad Ali, an owner of Defendant Noah and discussed the aforementioned misconduct with the owners, which included references to stealing, underage workers, and illegal workers. Defendants, however, never provided Plaintiff Bakir with a substantive response to his reports.

19. Instead, as a result of Plaintiff Bakir's reports of misconduct, which were ultimately escalated to the highest form of management possible, Defendants retaliated against Plaintiff Bakir.

20. On or around November 17, 2014, just days after presenting the binders containing, *inter alia*, reports of illegal activities, to Naim Ali and Mohammad Ali, Plaintiff Bakir was issued a Performance Notice of unsatisfactory job performance.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

21. This Performance Notice was unfounded. It was issued in retaliation to Plaintiff Bakir's complaints and reports of illegal misconduct to upper management.

22. Plaintiff's Performance Notice contained false allegations against Plaintiff Bakir and was pretextual. The Performance Notice personally attacked Plaintiff Bakir, a longstanding professional.

23. The hostile working environment created by the retaliatory, false, insulting, and inflammatory remarks made by Defendants caused Plaintiff Bakir's excessive mental and emotional distress.

24. Plaintiff Bakir's stress was diagnosed by Dr. Emir Keric on or about November 21, 2014, as an acute reaction to stress and depression, as well as anxiety and Post-Traumatic Stress Disorder. Dr. Keric prescribed ten days of sick leave from work, and a follow up on December 2, 2014.

25. On or around November 21, 2014, Plaintiff Bakir began FMLA leave.

26. On or around December 24, 2014, by way of his attorney at that time, Plaintiff Bakir again informed Mr. Ali of the unlawful activities – including stealing – occurring at the hotel.

27. In or around December 2014, Plaintiff Bakir reported the hiring of illegal aliens, underage workers, and other wage issues in violation of state and federal law to the United States Department of Labor ("DOL").

28. The DOL conducted a full investigation into Plaintiff Bakir's complaints and ultimately concluded that Defendant Regency was in violation of several state and federal law. As a result, Defendant Legacy and/or Defendant Noah was required to pay thousands of dollars in back pay.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

29. Upon information and belief, it was known by Defendants that the report to the DOL was made by Plaintiff Bakir, and this upset Defendants and contributed to their retaliation against Plaintiff.

30. Thus, on or about March 13, 2015, Defendant Stevens informed hotel employees that Plaintiff Bakir would be returning to work from FMLA but indicated that Plaintiff Bakir's return would be brief, and that Plaintiff Bakir would not be employed at the hotel long after he returned.

31. Indeed, Defendants had predetermined that Plaintiff Bakir was to be fired due to his reports of illegal activities and policy violation.

32. On or about March 14, 2015, Plaintiff Bakir returned from FMLA leave to work.

33. On March 26, 2015, less than two weeks after Plaintiff Bakir returned to work, Defendants terminated his employment. A contributing factor to said termination was Plaintiff Bakir's reports of violations of the law and public policy to superiors and the DOL.

34. Upon information and belief, Defendants terminated and/or disciplined at least two other employees – a chef and sous chef – in retaliation for reporting illegal activity (illegal aliens working and underage bartenders serving drinks). The discipline and termination of these individuals was pretextually disguised like Plaintiff Bakir's

35. Plaintiff Bakir now suffers from Post-Traumatic Stress Disorder, Anxiety, Depression and Ulcerative Colitis, among other conditions, as a result of the actions of the Defendants as alleged herein.

36. Defendants' actions were outrageous because of evil motive or reckless indifference to the rights of others and, accordingly, Plaintiff Bakir is entitled to an award of punitive damages.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

37. As a direct and proximate result of Defendants' conduct, Plaintiff Bakir has been damaged in that he has suffered mental and physical injuries, including, but not limited to, Post Traumatic Stress Disorder, Anxiety, Depression and Ulcerative Colitis, among other conditions, has lost the benefits of full employment and has suffered humiliation, embarrassment, and the loss of enjoyment of life associated with such a violation of his rights.

38. At the time of his termination, Plaintiff Bakir was earning $47,500 per annum (or $3,958.33 per month) with the opportunity to achieve bonuses. The circumstances surrounding Plaintiff Bakir's discharge and the false record that Defendants concocted, damaged Plaintiff Bakir's reputation and impaired his employability. Furthermore, Plaintiff Bakir's discharge under these circumstances, and the subsequent impairment of his capacity and ability to work in his professional field, is humiliating, emotionally traumatic, and depressing.

**COUNT I- WHISTLEBLOWING/COMMON LAW EMPLOYMENT-AT-WILL EXCEPTION**
**PLAINTIFF BAKIR**
*(All Defendants)*

39. Plaintiff Bakir incorporates by reference all previous Paragraphs as though fully set forth herein.

40. Plaintiff Bakir reported violations of law and of well-established and clearly mandated public policy to superiors.

41. Plaintiff Bakir was reprimanded after reporting the violations to superiors.

42. Plaintiff Bakir reported violations of law and of well-established and clearly mandated public policy to governmental officials.

43. Plaintiff Bakir was terminated from his employment by Defendants after reporting illegal activities to the DOL.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

44. Plaintiff Bakir's reporting of the violations of law and of public policy to his superiors and the DOL were a contributing factor in his discipline and ultimate termination from employment.

45. Plaintiff Bakir's termination was the direct and proximate cause of the emotional, psychological, and physical injuries that Plaintiff now suffers from, including the Post Traumatic Stress Disorder, Anxiety, Depression, and Ulcerative Colitis.

46. Plaintiff' Bakir's termination was the direct and proximate cause of the loss of wages and other benefits attendant to his employment.

47. Defendants' actions were outrageous because of evil motive or reckless indifference to the rights of others and, accordingly, Plaintiff Bakir is entitled to an award of punitive damages.

WHEREFORE, Plaintiff Bakir asks that the Court enter judgment in his favor and against Defendant, in an amount in excess of $25,000.00 for back pay, front pay, compensatory and punitive damages, pre and post judgment interest, attorney's fees, costs, any other relief provided under the law and such further relief as the Court or jury deems appropriate.

**COUNT II- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF BAKIR**
*(All Defendants)*

48. Plaintiff incorporates by reference all previous Paragraphs as though fully set forth herein

49. Defendants' conduct was extreme and outrageous; it was atrocious and utterly intolerable in a civilized community.

50. Defendants' conduct was intentional or reckless.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

51. The sole intent of Defendants' conduct was to case extreme emotional distress to Plaintiff Bakir.

52. The Defendants' did cause extreme emotional distress to Plaintiff Bakir that resulted in bodily harm.

53. Defendants' actions were outrageous because of evil motive or reckless indifference to the rights of others and, accordingly, Plaintiff Bakir is entitled to an award of punitive damages.

WHEREFORE, Plaintiff Bakir prays for judgment in excess of Twenty-Five Thousand Dollars ($25,000.00) against the Defendants for damages together with his costs herein expended and for any other relief that this Court deems just and proper under the circumstances and the law.

**COUNT III- LOSS OF CONSORTIUM**
**PLAINTIFF MIRHA AVDAGIC**
*(All Defendants)*

Comes now Plaintiff, Mirha Avdagic and for her cause of action against Defendants restates and realleges all previous Paragraphs in this Petition and in addition thereto states as follows:

54. Plaintiff Mirha at all times relevant herein resided with Co-Plaintiff Bakir, in St. Louis County, State of Missouri.

55. That at all times relevant herein, Plaintiff Mirha was, and is at the time of filing this Petition, the lawfully wedded wife of Co-Plaintiff Bakir.

56. That as a direct and proximate result of the injuries to her husband Co-Plaintiff Bakir, Plaintiff Mirha has suffered a loss of his services, support, income, society, consortium, love and affection.





Electronically Filed - St Louis County - September 19, 2019 - 02:49 PM

WHEREFORE, Plaintiff Mirha prays for judgment in excess of Twenty-Five Thousand Dollars ($25,000.00) against the Defendants together with her costs herein expended and for any other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

**EDELMAN & MUEHLEISEN, LLC**

Steven C. Edelman, #50298
7852 Big Bend Blvd.
St. Louis, MO 63119
(314) 961-4878
(314) 918-1576 (Fax)
steve@stlinjured.com

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/***S. Cody Reinberg***
S. Cody Reinberg #66174
9666 Olive Blvd., Suite 202A
St. Louis, Missouri 63132
314-391-9557 f/p
creinberg@hkm.com

**Dated: September 19, 2019**



Exhibit A